IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Stanley Cheeseboro, | ) | C/A No.: 3:11-cv-2173-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment litigation matter comes before the court on Plaintiff Stanley Cheeseboro's Objection to the Magistrate Judge's Report and Recommendation ("Report") issued by a Magistrate Judge in this case. The Magistrate Judge has recommended that this court grant Defendant City of Columbia's Motion for Summary Judgment. In his Complaint, Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Having reviewed the entire record, including Plaintiff's Objection, the court finds that the Magistrate Judge has fairly and accurately summarized the facts and has applied the correct principles of law in her Report. Accordingly, the court adopts the Report and fully incorporates it into this order.

## I.     Factual and Procedural History

Plaintiff was employed by the Defendant for approximately fifteen years before his employment was terminated on January 3, 2011. In her Report the Magistrate Judge included a very thorough summary of the Plaintiff's disciplinary history with the Defendant and of the events leading to Plaintiff's termination. As this court has already incorporated the Magistrate Judge's Report in full, it need not repeat Plaintiff's employment history here.

1

Plaintiff filed the instant action against the City of Columbia on August 17, 2011. (ECF No. 1). Defendant filed its Motion for Summary Judgment on June 4, 2012. (ECF No. 17). After that motion was fully briefed, the Magistrate Judge issued her Report recommending that this court grant Defendant's motion. Plaintiff filed his Objection to the Magistrate Judge's Report on January 7, 2013. This court now considers Plaintiff's objections and rules on the Report.

## II.     Legal Standard

### A.     Magistrate Judge's Report and Recommendation

The Magistrate Judge made her review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the report that have been specifically objected to, and the court is allowed to accept, reject, or modify the report in whole or in part. *Id.*

### B.     Legal Standard for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Summary judgment should be granted in those cases

where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### C. Employment Discrimination Framework

Title VII makes it unlawful for an employer to discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment on the basis of sex. 42 U.S.C. § 2000e–2(a). In the absence of direct evidence of discrimination, a plaintiff may resort to the judicially created burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which a plaintiff has the initial burden of establishing a prima facie case of discrimination. To establish a prima facie case of discrimination, a plaintiff must show (1) that he engaged in prohibited conduct similar to the of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person. *Lightner v. City of Wilmington*, 545 F.3d 260, 264–65 (4th Cir. 2008). Thus, the task falls on a plaintiff to identify a suitable comparator, bearing in mind that "'[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful.'" *Bradley v. South Carolina Dep't Corr.*, C/A No. 3:08-2510-JFA, 2010 WL 883729, at *5 (D.S.C. Mar. 5, 2010) (quoting *Lightner*, 545 F.3d at 265).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action.

3

*Merritt v. Old Dominion Freight*, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII). The defendant's burden "is one of production, not persuasion." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). If the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was "'not its true reason[], but [was] a pretext for discrimination.'" *Merritt*, 601 F.3d at 294 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." *Merritt*, 601 F.3d at 294–95.

## III.    Discussion

In her Report, the Magistrate Judge found that Plaintiff was unable to establish a prima facie case of discrimination because he did not identify a suitable comparator. Specifically, the Magistrate Judge concluded that Plaintiff and proposed comparator Cassandra Moody were not similarly-situated because their disciplinary histories are not comparable. Additionally, the Magistrate Judge determined that Plaintiff was unsuccessful in showing that Defendant's articulated reason for discharging Plaintiff was pretextual. The Magistrate Judge also found that Plaintiff provided a motivating factor for his termination that is unrelated to his gender or any other characteristic protected by Title VII. For all of those reasons, the Magistrate Judge found summary judgment appropriate in this case. The court agrees with the Magistrate Judge's reasoning and findings.

Plaintiff has raised the following three objections to the Magistrate Judge's Report: (1) the Magistrate Judge erred in finding that Moody was not a suitable comparator and, thus, that Plaintiff failed to show a prima facie case of disparate discipline; (2) the Magistrate Judge erred

in finding that summary judgment was appropriate because Plaintiff failed to establish that Defendant's reason for termination was pretextual; (3) the Magistrate Judge erred in finding that a motivating factor for termination proposed by Plaintiff warranted summary judgment. The court discusses each of these objections below.

Plaintiff takes issue with the Magistrate Judge's finding that Moody is not a valid comparator as she and Plaintiff are not similarly-situated. "[T]o be deemed 'similarly-situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Parker v. Magna Innertech-Spartanburg*, Civil Action No. 6:09-773-JMC-KFM, 2010 WL 5488599, at *7 (D.S.C. Nov. 29, 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). Plaintiff points out that he and Moody reported to the same supervisor and the same ultimate decision-maker. Furthermore, they were subject to the same standards, and they engaged in similar (though not identical) conduct. According to Plaintiff "[t]he only discernible difference between Ms. Moody and Mr. Cheeseboro is their disciplinary record," (ECF No. 25, p. 4), which he finds insufficient to differentiate the two in view of the many similarities between their position and their conduct. However, the court notes that the disciplinary records are vastly different—while Moody had a clean disciplinary record, Plaintiff had been disciplined multiple times during his tenure with the City, including instances of insubordination and disrespectful behavior. The court finds that the difference between Plaintiff's and Moody's disciplinary records is sufficient to render the two not similarly-situated. As such, Plaintiff has been unable to point to a suitable comparator and, thus, has been unable to establish a prima facie case of discrimination.

5

Even assuming Plaintiff was able to show a prima facie case, Defendant has produced evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff's employment, and Plaintiff is unable to show that this reason is a pretext. Plaintiff summarily states that he demonstrated that the reason proffered by Defendant is pretextual, but in reviewing Plaintiff's previous arguments on this issue, the court disagrees. Plaintiff previously argued that Defendant's shifting reasons for his termination evidence a pretext, but this court concurs with the Magistrate Judge that this argument is misplaced because Defendant's contentions regarding the disciplinary records (on which Plaintiff appears to base his shifting reasons argument) were made in the context of whether Moody was a similarly-situated comparator. In his Objection, Plaintiff attempts to show pretext by pointing out the difference between the discipline he received and the discipline Moody received for similar conduct. However, his argument "assum[es] that she is found to be a valid comparator . . . ," (ECF No. 25, p. 6), and, as previously discussed, this court has found that Moody is not a valid comparator due to her very different disciplinary record.

In her Report, the Magistrate Judge concluded that summary judgment was warranted, in part, because Plaintiff provided a motivating factor for his termination that is unrelated to his gender or any other characteristics protected by Title VII. Specifically, Plaintiff stated that he felt that his employer had a vendetta toward him "as an employee who always speaks out for what rights [he has] as a city employee." (ECF No. 17-15). Plaintiff disagrees that this admission warrants summary judgment and asserts that under the Supreme Court's decision in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), a Plaintiff may assert a "mixed-motive" for unlawful discrimination. However, this court cannot apply the *Price Waterhouse* standard recited by Plaintiff as Plaintiff has not shown a mixed motive in this case because he has failed to

show that gender was even a motivating factor in his termination. This court agrees with the Magistrate Judge that, here, summary judgment is appropriate as to Plaintiff's Title VII claims because plaintiff has alleged gender discrimination but has also alleged his belief that a true motivating factor for the employer's allegedly wrongful actions was his outspokenness. *See Lightner v. City of Wilmington*, 545 F.3d 260 (4th Cir. 2008).

**IV.    Conclusion**

For the foregoing reasons, this court hereby adopts the Report and Recommendation of the Magistrate Judge. Accordingly, the court grants Defendant's Motion for Summary Judgment. (ECF No. 17).

IT IS SO ORDERED.

March 15, 2013                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge